IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LEANNA PROKAY,

                 **Plaintiff,**

      **v.**                                    **CIVIL ACTION NO. 25-946**

FRANK BISIGNANO,

**Commissioner of the Social Security
Administration,**

                 **Defendant.**

## ORDER

**AND NOW,** this 25th day of March 2026, upon full consideration and review of the

Report and Recommendation ("R&R") of Magistrate Judge Carol Sandra Moore Wells, to which

no objections have been filed, it is hereby **ORDERED** that:

1.  The R&R [Doc. No. 28] is **APPROVED and ADOPTED**.[1]

---

[1] The Magistrate Judge issued a detailed, comprehensive R&R and concluded that remand is necessary because the Administrative Law Judge ("ALJ") failed to properly evaluate whether Plaintiff's migraine headaches medically equal Listed Impairment ("LI") 11.02(B) or (D) and failed to properly evaluate the medical opinion evidence of Plaintiff's treating therapist Zachary Myers, LPC.

When evaluating whether a claimant's headaches medically equal LI 11.02(B), the ALJ must consider "[a] detailed description from an [accepted medical source] of a typical headache event, including all associated phenomena . . ., the frequency of headache events; adherence to prescribed treatment; side effects of treatment. . .; and limitations in functioning that may be associated with the primary headache disorder or effects of its treatment." S.S.R. 19-4p, 2019 WL 4169635, at *7. To determine whether a claimant medically equals LI 11.02(D), the ALJ must conduct the same analysis as under LI 11.02(B). The ALJ must consider whether Plaintiff's migraine headaches caused marked limitations in: (1) physical functioning; (2) understanding, remembering, or applying information; (3) interacting with others; (4) concentrating, persisting, or maintaining pace; or (5) adapting and managing oneself. *Id*. The ALJ's evaluation that there was no evidence in the record abut the nature or frequency of Plaintiff's migraine headaches is contradicted by the record. The ALJ's other explanations are not identified in S.S.R. 19-4p, and the ALJ failed to comply with S.S.R. 19-4p.

When evaluating medical opinions, an ALJ is required to explicitly consider supportability and consistency, alongside general consideration of relationship with the claimant and specialization, among other factors, when deciding whether a source's medical opinion is persuasive. 20 C.F.R. §§ 404.1520c(b)(2), (c), 416.920c(b)(2). Supportability addresses how the source supports his opinion with evidence, and consistency addresses how consistent the source's opinion is with other evidence. *Id*. Mr. Myers provided his opinions on May 17, 2021 as to Plaintiff's work related limitations due to her impairments or treatment. The ALJ rejected these opinions as unsupported and inconsistent with other evidence in the record. However, as discussed by the R&R, the ALJ failed

2.  Plaintiff's Request for Review [Doc. No. 18] is **GRANTED**. The case is **REMANDED** to the Commissioner of Social Security, pursuant to sentence four of 42 U.S.C. § 405(g), so that the ALJ can:

   a.  Evaluate properly whether Plaintiff medically equals Listed Impairment 11.02. When doing so, the ALJ shall limit his analysis to the factors made relevant by SSR 19-4p; and

   b.  Evaluate properly Mr. Myers' May 17, 2021 opinions, acknowledging and giving proper consideration to the ample support Mr. Myers provided for his opinions.

It is so **ORDERED.**

**BY THE COURT:**

/s/ **Cynthia M. Rufe**

_____

**CYNTHIA M. RUFE, J.**

---

to consider the ample support Mr. Myers provided for his opinion that Plaintiff would have difficulty sustaining work, as well as his other opinions. The ALJ failed to consider whether the support provided outweighed two relatively minor inconsistencies identified by the ALJ.

Because the ALJ failed to properly evaluate whether Plaintiff's migraine headaches medically equal LI 11.02 and failed to properly evaluate Mr. Myers' medical opinion, the case must be remanded for further proceedings.